```
STEINER, SANDOE & COOPER
By: Kenneth C. Sandoe, Esquire
Attorney ID# 25976
36 West Main Avenue
Myerstown, PA 17067
Tel: (717) 866-5737
Attorney for Plaintiff_____
```

| | | |
|---|---|---|
| MICHELLE DESIDERIO, | : | UNITED STATES DISTRICT COURT |
| Administratrix of the | : | MIDDLE DISTRICT OF PENNSYLVANIA |
| ESTATE OF EDWIN A. | : | |
| DESIDERIO-SNEED, and | : | |
| MICHELLE DESIDERIO, In her | : | |
| Own right, and on behalf of | : | NO. |
| Decedent's minor child, | : | |
| ND-B, | : | |
| Plaintiff | : | PROFESSIONAL LIABILITY CLAIM- |
| | : | MEDICAL MALPRACTICE |
| Vs. | : | |
| | : | |
| UNITED STATES, | : | |
| Defendant | : | CERTIFICATE OF MERIT ATTACHED |

## COMPLAINT

**AND NOW,** comes the Plaintiff, by her attorneys, Steiner, Sandoe & Cooper, Esquires, and files the following Complaint:

1. Plaintiff is the Administratrix of the Estate of Edwin A. Desiderio-Sneed and is also the widow of the decedent and the mother of the decedent's minor child, ND-B, age 10, and resides at 906 South 4th Avenue, Lebanon, Lebanon County, Pennsylvania.

2. Defendant is the United States, with an address for service c/o Office of the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530, and c/o U. S. Attorney, Harrisburg Federal Building and Courthouse, 228 Walnut Street, Suite 220, Harrisburg, PA 17108-1754.

3. This is a medical malpractice claim for wrongful death and survival under Pennsylvania law as a result of negligent treatment and care at Veterans Administration Medical Centers, Department of Veterans Affairs, resulting in the death of the decedent, Edwin A. Desiderio-Sneed, on November 27th, 2009.

4. Filed herewith and attached hereto is a Certificate of Merit which is incorporated by reference and marked "Exhibit "A".

5. The Plaintiff filed an Administrative Tort Claim, Standard Form 95, with the appropriate agency, Department of Veterans Affairs, for adjudication before filing this suit.

6. The agency has taken no action within six months of the Administrative Tort Claim.

7. The decedent enlisted in the U.S. Army on June 7th, 2000, and served in Korea and Iraq as part of "Operation Iraqi Freedom/Operation Enduring Freedom."

8. While serving in Iraq, decedent's truck convoy was hit by an IED (incendiary explosive device) which injured decedent and killed his friend. Decedent began to experience recurrent nightmares, felt that he was constantly under attack, was under ambush and could not sleep.

9. Decedent was honorably discharged from active duty on June 12th, 2004, and was hospitalized for post-traumatic stress disorder (PTSD) and major depression.

10. Decedent served courageously and honorably entitling him to the following medals: Korean Defense Service Medal, Army Commendation Medal for exceptionally meritorious service in support of Operation Iraqi Freedom, Army Achievement Medal, Good Conduct Medal and the Driver and Mechanic badge.

11. Following Decedent's discharge and for the ensuing five (5+) plus years until his death, Decedent continued to suffer from major PTSD and continued to have symptoms of sleep disturbance with nightmares, flashbacks and recurrent memories of the IED explosion and death of his friend, anger, irritability and verbal outbursts,

seeing things, hearing things, hypervigilance, paranoia, chronic depression, chronic anxiety, social withdrawal and isolation, exaggerated startle response, low back pain, deformed right wrist pain, abdominal pain and severe headaches.

12. Decedent incurred six (6) psychiatric hospitalizations from his discharge until his death, including a hospitalization at the Lebanon, Pennsylvania, Veterans Administration Medical Center, having been discharged on November 24th, 2009, three (3) days prior to his death.

13. At the time of Decedent's death and ever since his discharge, Decedent was under the care of the Department of Veterans Affairs, Veterans Administration Medical Center and at the time of Decedent's death, November 27th, 2009, Decedent was prescribed numerous drugs, many with central nervous system adverse affects and was also prescribed anti-psychotics, anti-depressants, narcotics for pain and sleeping medication. Decedent was liberally prescribed Oxycodone for pain to which he became dependent and Xanax which led to benzodiazepine dependency.

14. On November 27th, 2009, after a meal, Decedent went to bed with his wife. She awakened and noted that Decedent was unresponsive. Emergency services were

summoned and Decedent was taken to the emergency room and pronounced dead at 23.25 hours.

15. The Decedent was prescribed, by the Defendant, through the Veterans Administration Hospital the following drugs at all material times hereto:

    Oxycodone 5/325
    Oxymorphone
    Stavzor
    Klonopin
    Xanax
    Celexa
    Seroquel
    Remeron
    Desyrel
    Prazosin
    Ambien
    Zolpidem
    Ranitidine
    Folic Acid
    Piroxioam
    Docusate and
    Omefrazole

16. Many of the above-noted drugs have serious central nervous system affects, including CNS depression for respiration, congestive heart failure, cardio spasm, vomiting, abdominal pain, tachycardia, fallen blood pressure, bradycardia, and cardiac failure.

17. The conclusion of the Lebanon County Coroner and forensic pathologist who performed the autopsy was that the cause of death was "adverse drug affects".

18. The death was ruled accidental as a result of the interaction of the multiple potent medications prescribed through the Veterans Administration Hospital.

19. Drug interactions caused adverse drug affects leading to respiratory depression which caused Decedent's death.

<u>**COUNT I**</u>

<u>**MEDICAL MALPRACTICE**</u>

20. Plaintiff incorporates Paragraphs 1 through 19 as if specifically set forth at length.

21. At all times pertinent hereto the physicians, residents, interns, nurses, and other health care providers rendering medical care to the Decedent during his treatment at the Veterans Administration Hospital in Lebanon, Pennsylvania, and other V.A. hospitals where Decedent was treated, were acting as the sole or joint agents, servants, workmen and employees of the Defendant, United States through the Department of Veterans Affairs, Veterans Administration Hospitals in the course and scope of their employment.

22. In the care and treatment of Plaintiff's Decedent, Defendant, United States, acting through its agents, servants, workmen, and/or employees, was negligent, careless and reckless in the following respects:

A. In prescribing numerous drugs which contained known serious side effects and interactions causing Decedent's death;

B. In prescribing a dangerous "cocktail of drugs" leading to known side effects of respiratory failure, which Decedent suffered, causing his death;

C. Failing to recognize that Decedent was at high risk of respiratory failure due to adverse drug reaction in light of Decedent's blood pressure history;

D. Failing to consult with a cardiac specialist or doctor to seek advice on the risk of respiratory failure for the prescribed "drug cocktail";

E. Discharging the Decedent from the hospital with numerous medications knowing the dangerous side effects and Decedent's fragile physical and mental condition;

   F.   Failure to monitor Decedent's condition in regard to the effects of the numerous medications prescribed;

   G.   In over-prescribing dosages and drugs to Decedent known as polypharmacy, or the prescribing of numerous drugs which have the potential of fatal drug interactions, which occurred in this case and caused Decedent's death;

   H.   Such other acts or omissions of negligence which shall become evident during pre-trial discovery.

   23. The prescribing of numerous drugs set forth in this Complaint constitutes a significant deviation from the standard of care and is negligence and a breach of the standard of care owed to Decedent by Defendant.

   24. All of the above acts and omissions on the part of the Defendant, its physicians, agents, servants and employees were the proximate cause of Decedent's death.

   25. The above acts and omissions on the part of the Defendant, its physicians, agents, servants and employees, were carelessly, negligently, and recklessly done and

increased the risk of harm, injuries and death suffered by Decedent.

**WHEREFORE,** Plaintiff demand judgment against Defendant in the amount of $10 million dollars as set forth in Standard Form 95, together with lawful interest and costs of suit.

## COUNT II
## WRONGFUL DEATH ACTION

26. Plaintiff incorporates by reference the allegations set forth in Paragraphs 1 through 25 as though fully set forth at length.

27. This Count is brought pursuant to the Pennsylvania Wrongful Death Act, 42 Pa.C.S.A.§8301, and pursuant to Rule 2201, et. seq., of the Pennsylvania Rules of Civil Procedure.

28. Plaintiff's Decedent did not bring an action for personal injuries during his lifetime and no other legal action for the death of the Decedent has been commenced against the Defendant herein by representatives of Plaintiffs' Estate.

29. Plaintiff's Decedent was 28 years of age at the time of his death and left surviving him the following

persons entitled to recover damages for his death and on whose behalf this action is brought:

| Name | Address | Relationship |
|---|---|---|
| Michelle L. Desiderio | 906 S. 4th Avenue Lebanon, PA 17042 | Wife |
| ND-B | 906 S. 4th Avenue Lebanon, PA 17042 | Son |

30. By reason of the death of Plaintiffs' Decedent, his survivors have suffered pecuniary loss, including but not limited to funeral expenses, bills and loss of all economic benefits which would, but for the premature death of Plaintiffs' Decedent have accrued to the benefit of his beneficiary, over his anticipated life expectancy.

31. As a result of the death of Plaintiffs' Decedent, his survivors have suffered in the past, and will into the future, suffer the loss of support and services which the Decedent would have continued to provide but for his premature death.

32. As a result of the death of Plaintiffs' Decedent, his survivors have suffered the loss of guidance, society, consortium, comfort, services and/or care, which the Decedent would have provided but for his premature death.

**WHEREFORE,** Plaintiff, Michelle Desiderio, Administratrix of the Estate of Edwin A. Desiderio-Sneed, Deceased, demands judgment in her favor against the

Defendant in the amount of $5 million dollars as well as costs and interest as is legally appropriate.

## COUNT III
## SURVIVAL ACTION

33. Plaintiffs incorporate by reference the allegations set forth in Paragraphs 1 through 32 as though fully set forth at length.

34. This Count is brought pursuant to the Pennsylvania Survival Act, 42 Pa.C.S.A. §8302.

35. On information and belief, as a direct result of the negligence, carelessness and other liability-producing conduct of the Defendant herein, Plaintiffs' Decedent suffered conscious pain, mental anguish and suffering, as well as the fear of impending death, from the date of the incident herein until shortly before the time of his death, for which damages are claimed by Plaintiffs on behalf of Plaintiffs' Decedent's Estate.

36. As a further result of the death of Plaintiffs' Decedent, his expectancy of enjoyment of life was cut short for which damages are claimed by Plaintiffs on behalf of Plaintiffs' Decedent's Estate.

37. As a further result of the death of Plaintiffs' Decedent, there has been suffered certain economic losses, including earnings, earnings capacity, fringe benefits, military benefits, retirement benefits, retirement income, value of lost services, as well as any and all other economic losses which are claimed herein by Plaintiffs on behalf of Plaintiffs' Decedent's Estate.

**WHEREFORE,** Plaintiff, Michelle Desiderio, Administratrix of the Estate of Edwin Desiderio-Sneed, deceased, demands judgment in her favor against the Defendant in the amount of $5 million dollars as well as costs and interest as is legally appropriate.

**STEINER, SANDOE & COOPER**

By: /s/ Kenneth C. Sandoe
    Kenneth C. Sandoe, Esquire
    Attorney ID# 25976
    36 West Main Avenue
    Myerstown, PA 17067
    Tel: (717) 866-573
    Attorney for Plaintiff

**VERIFICATION**

I, the undersigned, hereby verify that the facts contained in the within Complaint are true and correct. The undersigned understands that false statements herein are made subject to the penalties of 18 Pa.C.S. §4904, relating to unsworn falsification to authorities.

/s/ Michelle Desiderio

Date: February 18, 2011